IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| STEVEN KURT BAUGHMAN, #528637 | § | |
| VS. | § | CIVIL ACTION NO. 6:20cv560 |
| JIMMY BOWMAN, ET AL. | § | |

<u>REPORT AND RECOMMENDATION OF THE</u>
<u>UNITED STATES MAGISTRATE JUDGE</u>

The Plaintiff in this lawsuit, a prisoner currently imprisoned at the Powledge Unit within the Texas Department of Criminal Justice (TDCJ), has filed a motion for certification as a class action, (Dkt. #14), and a motion to appoint class counsel, (Dkt. #15). The underlying civil rights lawsuit has been referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for disposition of the case.

For the foregoing reasons, the Court recommends that the motion for class counsel and motion to appoint counsel for a class should be denied.

**I. Plaintiff's Motion**

Plaintiff Baughman seeks to bring a class action on behalf of himself and all similarly-situated prisoners—including future prisoners—housed at the Powledge Unit "who are subjected to TDCJ's policy and practice of failing to regulate high apparent indoor [temperatures] in the housing areas." He seeks to create a heat-sensitive subclass and a disability subclass.

Baughman highlights how the class would be numerous, as approximately 1,000 prisoners are housed at the Powledge Unit. He specifically opines, "upon information and belief, because the Powledge Unit is a medical and geriatric facility, at least 100 inmates incarcerated there are likely to suffer from at least one medical condition or disability that would make them a class

1

member. Likewise, upon information and belief, TDCJ houses a high number of inmates with qualifying disabilities at the Powledge Unit." Baughman stresses that there are common issues of law and fact for both subclasses—and that the claims are typical and representative of each class member's claims against Defendants, as "[t]he Powledge Unit's housing areas all reach roughly the same [temperature] levels; they all threaten inmates' wellbeing. Plaintiff's interests in reducing the danger of heat-related illnesses, injury, or death is identical to every other inmate interests."

With respect his request for class counsel, Baughman maintains that counsel will fairly and adequately represent the interests of the Class. Finally, Baughman highlights the class litigation in *Cole v. Collier*, cause number 4:14cv1698 within the United States District Court for the Southern District, which also involves heat at the Pack Unit within TDCJ.

Baughman's amended complaint, (Dkt. #13), is the operative pleading in this case. In his complaint, he seeks—among other things—injunctive relief in the form of "safe housing" at the Powledge Unit and to enjoin "Defendants to maintain a heat index of 88 [degrees] or lower inside each of the Powledge Unit's housing areas and inmate dining rooms (calculated using the NWS heat index table)," (Dkt. #13, pg. id. #103).

**II. Discussion and Analysis**

Class actions are governed by Rule 23 of the Federal Rules of Civil Procedure. This Rule states, in pertinent part, as follows:

> **(a) Prerequisites to a class action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.
>
> **(b) Class Actions Maintainable.** An action may be maintained as a class action if the prerequisites of subsection (a) are satisfied, and in addition:

>   (1) the prosecution of separate actions by or against individual members of the class would create a risk of (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or (B) adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
>
>   (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
>
>   (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

The Supreme Court has explained that Rule 23 does not set forth a mere pleading standard; rather, a party seeking class certification must affirmatively demonstrate his compliance with the Rule. *Wal-Mart v. Dukes*, 564 U.S. 338, 350 (2011). The district court must conduct a rigorous analysis of the Rule 23 prerequisites before certifying a class action. *General Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982). The party seeking certification bears the burden of proof. *Horton v. Goose Creek Ind. Sch. Dist.*, 690 F.2d 470, 486 (5th Cir. 1982), *cert. denied*, 463 U.S. 1207 (1983).

Here, Baughman's motion for class certification addresses each of the pre-requisites. Even though Baughman has demonstrated his compliance with Rule 23, his requests for injunctive relief are fatal to his motion. Several circuits, including the Fifth Circuit, have held that the district court may properly deny class certification where a class is not needed to achieve the same result. *See United Farmworkers of Fla. Housing Proj., Inc. v. City of Delray Beach*, 493 F.2d 799, 812 (5th Cir. 1974); *Dionne v. Bouley*, 757 F.2d 1344 (1st Cir. 1985).

In this case, a class action is not necessary because the same relief can, for all practicable purposes, be obtained through the entering of permanent injunctive relief if such relief is shown to be warranted. *See Fairley v. Forrest Cnty., Miss.*, 814 F. Supp. 1327, 1329-30 (S.D. Miss. 1993) (explaining that wherein declaratory and injunctive relief sought would have the same effect as a class action regardless of whether or not a class is actually certified, class certification is unnecessary).

Here, in other words, if Baughman succeeds on his heat claims, then the relief he seeks (safe conditions and cooler temperatures inside the Powledge Unit) would benefit each and every prisoner housed at the Powledge Unit. Therefore, the Court finds that a class action is unnecessary given Plaintiff's requests for injunctive relief. Because the Court finds that a class action is unnecessary in this case, Baughman's request for class counsel should be denied as well.

## RECOMMENDATION

For these reasons, it is recommended that Plaintiff Baughman's motion for class certification, (Dkt. #14), and motion to appoint class counsel, (Dkt. #15), be denied.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on*

*other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 22nd day of July, 2021.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE