IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| STEVEN KURT BAUGHMAN, #528637, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:20-cv-560-JDK-KNM |
| JIMMY BOWMAN, et al., | § § § | |
| Defendants. | § § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Steven Kurt Baughman, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

Before the Court are Plaintiff's motion for certification as a class action and motion to appoint class counsel. Docket Nos. 14, 15. On July 22, 2021, Judge Mitchell issued a Report and Recommendation recommending that the Court deny the motions. Docket No. 24. Following an extension of time, Plaintiff timely objected. Docket No. 30.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United*

1

*Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Plaintiff cites a variety of cases that are not binding authority in this circuit. He also argues that his case could become moot if class certification is not granted because the possibility exists that he will be transferred to a different prison unit. Such argument is pure speculation. Contrary to Plaintiff's contention, this Court is not required to certify a class simply because a class exists in a separate case.

Further, Plaintiff has not shown that he can fairly and adequately represent the interests of the class—especially in light of his pro se status. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (competence of non-attorney "clearly too limited to allow him to risk the rights of others"); *Anderson v. Moore*, 372 F.2d 747, 751 n.5 (5th Cir. 1967); *accord, Ziegler v. State of Mich.*, 90 F. App'x 808 (6th Cir. 2004) (non-attorney proceeding pro se cannot adequately represent class); *Fowler v. Lee*, 18 F. App'x 164 (4th Cir. 2001) (class will not be certified when pro se litigant will act as representative of class); *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (affirming district court's decision that pro se litigant cannot adequately represent putative class).

While Plaintiff does request the appointment of class counsel, the Court notes that there is no automatic right to counsel in a § 1983 proceeding. "A district court is not required to appoint counsel in the absence of 'exceptional circumstances' which

are dependent on the type and complexity of the case and the abilities of the individual pursuing that case." *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987); *see also Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982). Simply because Plaintiff is seeking class certification does not entitle him to appointed counsel. The Court has reviewed Plaintiff's amended complaint and has determined that this case is not unduly complicated requiring the appointment of counsel at this time. *See Robbins v. Maggio*, 750 F.2d 405 (5th Cir. 1985).

For the reasons stated in Judge Mitchell's Report, the Court finds that class certification in this case is unnecessary. *See United Farmworkers of Fla. Housing Proj., Inc. v. City of Delray Beach*, 493 F.2d 799, 812 (5th Cir. 1974) (explaining that a district court may properly deny class certification where a class is not needed to achieve the same result).

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 24) as the opinion of the District Court. Plaintiff's motion for class certification (Docket No. 14) and motion for appointment of class counsel (Docket No. 15) are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **1st** day of **September, 2021.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE