IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| STEVEN K. BAUGHMAN, #02180609, | § |
| Plaintiff, | § |
| v. | §  Case No. 6:20-cv-560-JDK-KNM |
| JIMMY BOWMAN, et al., | § |
| Defendants. | § |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Steven K. Baughman, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

On November 2, 2022, Judge Mitchell issued a Report recommending that the Court dismiss Plaintiff's claims concerning his property, retaliation, and deliberate indifference to his serious medical needs with prejudice for the failure to state a claim upon which relief may be granted. Docket No. 67. The Report further recommended that Plaintiff's Americans with Disabilities Act (ADA) discrimination claims and his claims concerning excessive heat and use of force remain pending. Plaintiff filed his objections on February 17, 2023. Docket No. 100.

1

### A. Standard of Review

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

### B. Discussion

Plaintiff broadly objects to the recommended dismissal of his claims. He argues that a district court may not dismiss a plaintiff's allegations because the court finds them unlikely, citing *Hernandez v. El Pasoans Fighting Hunger*, 2022 WL 18019437 (5th Cir. Dec. 30, 2022). Plaintiff's argument is misplaced. *Hernandez* concerned a district court's determination of frivolity—not failure to state a claim upon which relief may be granted. Here, the Court accepted Plaintiff's allegations as true; however, even as true, his claims fail to state claims upon which relief may be granted. Docket No. 67 at 19 ("[A]ccepting Baughman's claims as true, all of his claims fail to state a claim upon which relief may be granted."). Thus, the Magistrate Judge correctly found that these claims fail to state claims upon which relief may be granted—not that they were frivolous.

#### 1. Deliberate Indifference to Serious Medical Needs

First, with respect to his medical claims, Plaintiff alleges that Defendants acted with deliberate indifference to his serious medical needs—specifically, his

cellulitis—by denying him access to medical providers and the refusal to diagnose and treat him. Docket No. 13 at 17. But Judge Mitchell reviewed the extensive Martinez Report, including Plaintiff's voluminous medical records and determined that Plaintiff received a significant quantum of medical care, refuting any claim that Defendants failed to treat him. Docket No. 67 at 22–30. His claims and the extensive medical records show nothing more than his disagreement with the continuous medical treatment provided to him.

In his objections, Plaintiff maintains that Defendants "intentionally discriminated against disabled and wheel-chair dependent prisoners through an unwritten custom, practice, or policy of refusing wheelchair dependent prisoners access to the medical department waiting area known as the cage." Docket No. 100 at 7. Because he was refused access due "to the cage having a wheelchair in it already," Plaintiff asserts, he was denied access to the medical department—resulting in a bacterial infection that persisted for five days. *Id.*

Construing Plaintiff's pro se pleadings liberally, these claims are properly brought under the Americans with Disabilities Act (ADA). Those claims, as the Magistrate Judge correctly determined, will proceed. However, Plaintiff also alleged in his amended complaint that Defendants refused to treat his cellulitis thereby evincing deliberate indifference to his serious medical needs under the Eighth Amendment. Docket No. 13 at 19. Claims for deliberate indifference to a serious medical need under the Eighth Amendment employ a different legal standard than do claims under the ADA.

3

Deliberate indifference to a prisoner's serious medical needs constitutes an Eighth Amendment violation and states a cause of action under § 1983. *See Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989). In *Farmer v. Brennan*, 511 U.S. 835 (1994), the Court concluded that "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; . . . the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

The Fifth Circuit has discussed the high standard involved in demonstrating deliberate indifference as follows:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by medical personnel does not suffice to state a claim for deliberate indifference. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Rather, the plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id*. Furthermore, the decision whether to provide additional treatment "is a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107. And, the "failure to alleviate a significant risk that [the official] should have perceived, but did not" is insufficient to show deliberate indifference. *Farmer*, 511 U.S. at 838.

*Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001). In the medical care context, "[u]nsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does an inmate's disagreement with his medical treatment, absent exceptional circumstances." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Moreover, as correctly found here, "medical records of sick calls, examinations, diagnosis, and medications may rebut an

4

inmate's allegations of deliberate indifference." *Banuelos v. McFarland*, 41F.3d 232, 235 (5th Cir. 1995) (affirming the district court's summary dismissal of Banuelos's lawsuit based on his medical records rebutting his claim of medical deliberate indifference).

Here, accepting as true that Defendants "refused" to allow him to proceed to the medical department on two separate occasions—which Plaintiff argues represents deliberate indifference under the Eighth Amendment—the Court concludes that Plaintiff was evaluated and treated the very next day on both occasions. *See Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999). Plaintiff does not refute this point.

Moreover, the *Martinez* Report reveals the extensive and continuous medical treatment provided to Plaintiff, which plainly refutes his claim that Defendants refused to treat or diagnose him in violation of the Eighth Amendment. *See Gomez v. Hughes Unit UTMB Health Prov.*, 784 F. App'x 279, 279 (5th Cir. 2019) ("The record shows that Gomez had medical appointments with the defendants; one of the defendants prescribed medication for him. Additionally, there is nothing in the record to show that the defendants exhibited a wanton disregard for any serious medical needs."*)*; *Freeland v. Tarrant Cnty., Tex.*, 789 F. App'x 406, 409 (5th Cir. 2019) ("This course of medical treatment does not clearly evince wanton disregard for Freeland's serious medical needs. Freeland's alcohol-withdrawal symptoms were monitored and assessed, and he subsequently received medical attention, treatment, and medication.").

The Magistrate Judge properly analyzed Plaintiff's deliberate indifference claims under the legal standard applicable to such claims. *See Petzold v. Rostollan*,

946 F.3d 242, 249 (5th Cir. 2019); *see also Diaz v. Mendoza*, 2009 WL 2588708, at *2 (S.D. Tex. Aug. 2009) ("As noted above, active treatment, even negligent treatment, cannot form the basis of a deliberate indifference claim."). Plaintiff's objections conflate legal standards. Thus, his objections on this point are without merit.

2. Retaliation Claims

Plaintiff further alleged that Defendants retaliated against him by filing a disciplinary case against him for engaging in speech protected by the First Amendment. Specifically, he asserts that he received a disciplinary case for filing a grievance against Defendant Poe after an incident in the chow hall. The disciplinary case charged Plaintiff, as he explains, with being out of place, as he "was in B-2 Dining Hall, in B-line after receiving his tray in A-line, when he in fact had no authorization to be in such place." Docket No. 13 at 27.

The Magistrate Judge determined that Plaintiff failed to allege facts to allow the inference that he received his disciplinary case—for being out of place within the chow hall—because he exercised his right to grieve the conditions of his confinement. *See Ancar v. Robertson*, 2022 WL 1792535, at *3 (5th Cir. June 2, 2022) (explaining that to show causation in a claim of retaliation, the prisoner must allege a violation of a constitutional right and be prepared to show that but for the retaliatory motive of the complained incident . . . would not have occurred). The Magistrate Judge found that Plaintiff cannot establish causation because he cannot show that *but for* any retaliation, he would not have received a disciplinary infraction for being out of place—as the TDCJ handbook specifically outlines how a prisoner may "go through the serving line once per meal," and that being "out of place" is defined as "[i]n any

6

unauthorized area, such as a cell or wing to which one is not assigned." Plaintiff's own statement of the facts shows that he went through the serving line, A-line, once already and then proceeded to go through B-line. Docket No. 13 at 26–27.

On objection, Plaintiff now insists that the Magistrate Judge misconstrued the facts of his claim. He claims that he did not "enter B-line" after going through A-line; he further asserts that he "never actually entered B-line," and to "have entered Bline, [he] would have to have exited the dining hall, go through the main hallway, in front of the control desk, and enter through the entrance to B-line while carrying a tray with beans and vegetables on it"—which he did not do. Docket No. 100 at 4.

Federal Courts view prisoners' retaliation claims "with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions." *Woods v. Smith*, 60 F.3d 1161, 1164–66 (5th Cir. 1995). In his amended complaint, Plaintiff stated that he "went through A-line and got beans and other vegetables on his tray and then went to B-line with his tray in his hand" and requested a serving of beef-chili-mac that was not being served on A-line:

> 202). On Saturday, October 12, 2019, the chow-hall was serving "pork-sloppy-joe" on both serving lines, in the Powledge Unit chow-hall. But, on B-line, Defendant Poe was also serving left-over beef-chili-mac, as a "serve-out" [serve till you run out], but it was not being served on A-line; which Plaintiff was forced to enter by Seargent Attwood.
> 203). Plaintiff is a Muslim and is forbidden by his religious beliefs to eat pork, which Defendant Poe knew. Plaintiff therefore went through A-line and got beans and other vegetables on his tray and then went to B-line with his tray in his hand and "per policy" requested that Defendant Poe give him a serving of the beef-chili-mac [left-overs/serve-out], and Defendant refused to serve Plaintiff the same food she was serving to others.

Docket No. 13 at 26–27. Consequently, as the Magistrate Judge found, Plaintiff explained that he proceeded through A-line—acquired food—and then attempted to

7

acquire food from B-line. In other words, Plaintiff at least attempted to proceed through both serving lines when permitted to enter only one.

The facts were not misconstrued, as Plaintiff's articulation of the facts reveal that he went through A-line, received a tray and food, and then "went to B-line with his tray in hand"—tracking the words of the disciplinary infraction. As the Magistrate Judge correctly found, an alternative basis existed for charging Plaintiff with a disciplinary infraction for "being out of place." *See, e.g., Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir. 1990) ("While a prisoner can state a claim of retaliation by alleging that disciplinary actions were based on false allegations, no claim can be stated when the alleged retaliation arose from discipline imparted for acts that a prisoner was not entitled to perform. Any other rule would allow a prisoner to openly flout prison rules after filing a grievance and then bring a section 1983 arguing that prison officials disciplined him for his filing a grievance.").

To the extent that Plaintiff quibbles with the evidence used to find him guilty of the prison infraction, it does not alter the Court's determination. Federal courts have repeatedly held that, with respect to an adverse disciplinary infraction, all that is required is some evidence supporting the disciplinary decision. *See Morgan v. Dretke*, 433 F.3d 455, 458 (5th Cir. 2005) ("The 'some evidence' standard is extremely deferential—we have found that a single report or testifying witness sufficient to support an adverse disciplinary decision."); *Adams v. Gunnell*, 729 F.2d 362, 370 (5th Cir. 1983) (holding that a hearing officer's decision will be upheld when it is supported by "some facts . . . any evidence at all."). TDCJ policy dictates that Plaintiff was permitted to proceed through only one serving line. Plaintiff's objections will be

8

overruled.

### 3. Property Claims

Finally, Plaintiff maintains that his due process rights were violated from the intentional destruction of his personal sneakers. The Magistrate Judge found that the destruction of his property was not a due process violation because the state of Texas provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541–44 (1981).

Plaintiff objects to that finding by arguing that the state of Texas "denied and made unavailable any and all post-deprivation remedy," when the Anderson County District Court "would not process the complaint" about his property unless he was represented by State Counsel for Offenders. Docket No. 100 at 2. This argument is without merit.

Simply because Plaintiff might not—or was unable—to recover damages under Texas's remedies that he might receive is not determinative of the adequacy of Texas's post-deprivation remedies. *Id.* at 535. In other words, that Plaintiff was unsuccessful in filing his state suit does not render Texas's post-deprivation remedies unavailable. *See Leggett v. Williams*, 277 F. App'x 498, 500 (5th Cir. 2008) (rejecting the prisoner's argument that state court remedies were unavailable to him because the clerk of the state court refused to accept his suit for filing); *see also Gray v. Webb*, 2022 WL 4459856, at *6 (E.D. Tex. Aug. 9, 2022) ("Thus, the fact that Plaintiff's lawsuit in state court was unsuccessful for procedural reasons does not render the available state remedies inadequate.").

Here, Plaintiff now maintains that the *Parratt/Hudson* doctrine does not apply

9

because the state court "denied and made unavailable" any post-deprivation remedy by refusing to accept his lawsuit. But, as explained above, simply because his suit was unsuccessful—and even if the state court clerk refused to accept his suit for lack of State Counsel for Offenders—does not render Texas's state remedies inadequate. Therefore, Plaintiff's objections on this point are without merit.

### C. Conclusion

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 67) as the opinion of the District Court. Plaintiff's claims concerning deliberate indifference to his serious medical needs under the Eighth Amendment, retaliation, and property destruction are **DISMISSED** with prejudice for the failure to state a claim upon which relief may be granted. Plaintiff's ADA, heat, and excessive force claims remain pending before the Court.

So **ORDERED** and **SIGNED** this **20th** day of **March, 2023.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE